UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larry Williams, # 94203, | ) C/A No. 2:14-4289-MGL-MGB |
|                       Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| S. Warden Bodison; | ) |
| Warden F. Thompson; | ) |
| Captain Britenhart; | ) |
| Goodwing George; | ) |
| Lt. D. Maghee; | ) |
| Warden Hunted; | ) |
| Seg. Johnson; | ) |
| Seg. Wilson; | ) |
| Jon Ozmint; | ) |
| NFN Mahaff; | ) |
| Seg. Sanford; | ) |
| NFN Jefferson, | ) |
|                       Defendants. | ) |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.     Factual Background

Larry Williams ("Plaintiff") submitted this Complaint to the McCormick Correctional Institution's mailroom for filing in this court on October 29, 2014. ECF No. 1-1 at 2; *see Houston v. Lack*, 487 U.S. 266, 271 (1988) (pro se prisoner's pleading is deemed "filed" at moment of

delivery to prison authorities for forwarding to district court). According to the allegations in the Complaint, Plaintiff wishes to sue many officials and employees of the South Carolina Department of Corrections ("SCDC") for injuries to his hip that he sustained when he was forced to sleep on a bed without a mattress for three nights at Lieber Correctional Institution beginning on May 5, 2009. Compl. 5, ECF No. 1. Plaintiff alleges that the requirement that he sleep without a mattress for three days violated SCDC policy and his federal constitutional right against cruel and unusual punishment, and asks this court to award him compensatory damages for alleged "pain suffering" caused by having to sleep without a mattress. *Id*. at 12, 14, 15. Plaintiff states that he is suing for $40,000.00, but is willing to settle "out of court for $10,000." *Id*. at 15.

Plaintiff previously filed a similar complaint in this court in late December 2009, but that complaint was never served on any defendant and the case was dismissed without prejudice by the court on March 9, 2010 because Plaintiff did not bring it into proper form despite having been ordered to do so. *Williams v. Bodison*, Civil Action No. 3:09-3321-MBS-JRM (ECF Nos. 1, 6, 8, 9). Plaintiff did not file anything further in Civil Action No. 3:09-3321 until over two years later, when he submitted a document construed as a notice of appeal to the Fourth Circuit Court of Appeals on November 5, 2012. ECF No. 11. The Fourth Circuit dismissed Plaintiff's appeal without discussion of the merits in January 2013. *Williams v. Bodison*, Appeal No. 12-7930 (4th Cir. Jan. 25, 2013). Although Plaintiff alleges that "this is 2009 case I refile . . . ," ECF No. 1 at 8, he does not allege any facts that would reasonably support a finding that he was prevented from filing this Complaint at any time between the dismissal of Civil Action No. 3:09-3321 and May 9, 2013.

II.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of

Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.    Discussion

The Complaint under review should be summarily dismissed because it was filed over one and one-half years after the applicable statute of limitations ran on Plaintiff's claim. As the Fifth Circuit Court of Appeals has stated that "[l]imitations statutes . . . are not cadenced to paper tidiness and litigant convenience. Time dulls memories, evidence and testimony become unavailable, and death ultimately comes to the assertions of rights as it does to all things human." *United States v.*

3

*Newman*, 405 F.2d 189, 200 (5th Cir. 1969) (citation omitted). In civil rights cases filed in the District of South Carolina, this court must apply South Carolina's general personal injury statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 265-80 (1985) (in § 1983 actions, federal courts should apply a state's general statute of limitations for personal injuries). South Carolina's applicable personal injury statute of limitations establishes a three-year limitations period for personal injury causes of action arising on or after April 5, 1988. S.C. Code Ann. § 15-3-530. Thus, Plaintiff's claim of cruel and unusual punishment in this court is governed by the § 1983 three-year statute of limitation.

Under Rule 8(c) of the Federal Rules of Civil Procedure, a statute of limitations defense is an affirmative defense, which is subject to waiver if not timely raised in a responsive pleading. *See, e.g.*, *Am. Nat'l Bank v. FDIC*, 710 F.2d 1528, 1537 (11th Cir. 1983); *United States v. Ward*, 618 F. Supp. 884, 901 (E.D. N.C. 1985). Even so, the holding in *Todd v. Baskerville*, 712 F.2d 70, 74 (4th Cir. 1983), authorizes a district court to anticipate clearly apparent affirmative defenses that would be available to defendants in determining under 28 U.S.C. § 1915 whether process should be issued against those defendants. *See Rogers v. Isom*, 709 F. Supp. 115, 117 (E.D. Va. 1989) ("A determination of frivolousness on the basis of affirmative defenses is appropriate even though no responsive pleadings have been filed."). In *Duncan v. West Virginia*, 597 F. Supp. 1195, 1196 (S.D.W. Va. 1984), the district court stated that "[a]lthough some of the matters discussed constitute affirmative defenses, . . . where the complaint on its face raises obvious and complete affirmative defenses, the Court may consider these defenses in ruling under 28 U.S.C. § 1915(d) [and] finding a complaint frivolous.") (citations omitted). Moreover, the applicable statute of limitations is not tolled by the filing of a complaint within the limitations period if that complaint is ultimately

4

dismissed without prejudice. *Gallipeau v. Ham*, No. 0:13-505-TMC, 2014 WL 2613178, at *4 (D.S.C. June 10, 2014) ("'It is well settled in South Carolina that when an action is dismissed without prejudice, the statute of limitations will bar a subsequent suit if the statute runs in the interim.'") (quoting *Rink v. Richland Mem'l Hosp.*, 310 S.C. 193, 422 S.E.2d 747, 749 (S.C.1992)). In this regard, this court has held that "[i]f a case is dismissed without prejudice, the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by the filing of that case." *McMorris v. Sherfield*, No. 6:10-CV-670-JMC-KFM, 2010 WL 5488905, at *3 (D.S.C. Aug.30, 2010) (citing *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000)). The court further stated, "[i]n other words, for statute of limitations purposes, a suit dismissed without prejudice is treated as if it had never been filed." *McMorris v. Sherfield* (citing Lambert v. United States, 44 F.3d 296, 298 (5th Cir. 1995)). Additionally, the United States District Court for the Western District of Virginia has stated that "[u]nder federal law, the statute of limitations is not tolled by the filing of a complaint; a subsequent dismissal without prejudice is treated for limitations purposes as though no complaint was ever filed." *Walker v. Potter*, No. 3:06CV00069, 2007 WL 2156101, at *1 (W.D. Va. May 7, 2007) (footnote omitted) (collecting cases).

Giving Plaintiff all reasonable inferences and time allowances, his allegations show that the alleged violation (a requirement that he sleep on a prison bed without a mattress) ended three days after it began on May 5, 2009, or on May 8, 2009 at the latest. As a prisoner in SCDC, Plaintiff is required to exhaust his claim through available administrative remedies before this court could consider it. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *see Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (prisoners must "properly exhaust" their administrative remedies before coming into court

5

by using all steps available and doing it the way the agency's policy requires); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (exhaustion applies to all kinds of "inmate suits about prison life . . . ."). Plaintiff's responses to the questions on his complaint form about his pursuit of an SCDC administrative remedy are not complete in that he only wrote "2010" and did not provide a full date when asked when "did you file a grievance concerning the claims you are raising in this matter." ECF No. 1 at 2. However, giving him all reasonable time allowances and adding a full year from the end of the alleged constitutional violation for exhaustion of administrative remedies, or until May 9, 2010, to begin the running of the limitations period, the Complaint under review is obviously barred by the statute of limitations.[1] *See, e.g, Brown v. Valoff*, 422 F.3d 926, 942-43 (9th Cir. 2005) (§ 1983 statute of limitations tolled during exhaustion of administrative remedies); *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001) (same); *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000) (same). To be timely, this Complaint should have been submitted to Plaintiff's institutional mailroom by midnight on May 9, 2013. The fact that Plaintiff filed a complaint containing similar allegations within the applicable limitations period in late December 2009 does not affect this conclusion because that complaint was dismissed without prejudice and, therefore, did not stop the limitations period from running during the time the case was pending. By waiting until October 29, 2014 to submit the Complaint under review for filing in this court, Plaintiff missed the § 1983 filing deadline by a full year and a half.

---

[1] SCDC regulations governing the administrative-remedy process in its prisons during the time that Plaintiff should have been exhausting his administrative remedies show that the entire process from filing of the Step 1 grievance through completion of the Step 2 grievance should have taken, at most, 215 days, not a full year. S.C. Dep't of Corr., Policy No. GA-01.12, § 11, Inmate Grievance System (Oct. 1, 2010) (establishing time limitations for official responses to inmate grievances and stating that "[u]nder certain circumstances the grievance process may exceed 215 days").

IV.     Recommendation

Accordingly, because the statute of limitations has run and this defect cannot be corrected by amendment or otherwise, it is recommended that the District Court dismiss the Complaint in this case *with prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

April 27 , 2015                                          MARY GORDON BAKER
Charleston, South Carolina                               UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).