IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Larry Williams, | ) | Civil Action No. 2:14-4289-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| S. Warden Bodison, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Larry Williams, ("Plaintiff"), proceeding *pro se*, brings this civil action construed as pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Mary G. Baker for review pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A.

On April 27, 2015, the Magistrate Judge issued a Report and Recommendation, ("the Report"), (ECF No. 22), recommending that the Complaint be dismissed *with prejudice* as time-barred. On May 7, 2015, Plaintiff filed an Objection to the Report, (ECF No. 24), that did not meaningfully address the time bar issue. Subsequently, the Court entered an Order, (ECF No. 34), alerting Plaintiff that if he did not respond with facts or argument supporting the timeliness of his Complaint, the Complaint could be dismissed with prejudice. Plaintiff ultimately submitted three additional filings, (ECF Nos. 32, 36, and 37), all arguably in response to the Court's notification. The Court has reviewed all of these submissions, and the matter is now ripe for decision.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is

made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report, (ECF No. 22), Plaintiff's original Objection, (ECF No. 24), and all of Plaintiff's subsequent filings.  (ECF Nos. 32, 36 and 37).  The Court finds that no where in Plaintiff's several submissions does he provide facts or argument that meaningfully counter the reasoned conclusion of the Magistrate Judge that Plaintiff's Complaint is time-barred.  Plaintiff certainly does not allege facts or offer argument capable of supporting an equitable tolling of the relevant statute of limitations, inasmuch as Plaintiff readily admits at points in his various filings that he was simply ignorant of the existence of a statute of limitations.  *See, e.g.,* ECF No. 36 at p. 4.

For the forgoing reasons, the Court concurs with the reasoning of the Magistrate Judge and adopts the Report and incorporates it herein by reference, (ECF No. 22), overruling Plaintiff's Objections.  (ECF Nos. 24, 32, 36 and 37).  Plaintiff's Complaint is therefore **DISMISSED** *with prejudice*.

**IT IS SO ORDERED.**

s/Mary G. Lewis
United States District Judge

September 21, 2015
Columbia, South Carolina